O’Neill, J.
Plaintiff sought a declaratory judgment of nonliability and defendant counterclaimed. Plaintiff now moves for summary judgment on both the claim and the counterclaim. Defendant cross-moves. For the following reasons, plaintiffs motion is allowed.
BACKGROUND
The facts are essentially not in dispute. In 1988, plaintiff Barnstable County Insurance Company (BCIC) issued a personal umbrella insurance policy to defendant Sanford Gale of Dennisport. Gale’s application to BCIC for excess coverage stated that Gale owned a 1981 Oldsmobile Cutlass insured by Commercial Union Homeland Insurance Company for $250,000 per person and $500,000 per accident. Gale owned no other vehicles. BCIC initially charged Gale a premium of $110.00, which included $45.00 for the 1981 Oldsmobile.
In 1990, Gale purchased a second car, a 1971 Dodge Dart. He registered the Dodge at his winter residence in Florida. Gale renewed his policy with BCIC annually, each time stating that no change had occurred in the number of vehicles he owned. Furthermore, Gale never carried primary insurance on the Dodge. These acts violated policy requirements. Had Gale informed BCIC of his ownership of the Dodge, BCIC would have raised his premium to $140.00.
Gale traveled by plane between Massachusetts and Florida. Before leaving one state, Gale would secure his vehicle in the other state so that no one could drive it in his absence. In December 1992, Gale was in Florida. There he was involved in an accident while driving the uninsured Dodge. Defendant Edna Davis, a passenger in the vehicle, suffered injuries in the accident.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l. Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved," summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
General Laws c. 175, §186 states: “No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or on his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss.” An insurer may avoid coverage if an insured misrepresents a material fact in its application for insurance. Employers Liability Assurance Corp. Ltd. v. Vella, 366 Mass. 651, 655 (1975). A material fact is one “the knowledge or ignorance of which would naturally influence the judgment of the underwriter in making the contract at all, or in estimating the degree and character of the risk, or in fixing the rate of premium.” In-Towne Restaurant Corp. v. Aetna Casualty & Surety Co., 9 Mass.App.Ct. 534, 538 (1980) (citations omitted).
Here, Gale’s misrepresentation to BCIC that he had not acquired any new vehicles caused Barnstable to refrain from raising Gale’s premium. Such misrepresentations affecting the rate of premium are material and allow for the avoidance of coverage. In-Towne, 9 Mass.App.Ct. at 538.
Gale argues that, as a practical matter, the acquisition of the second vehicle did not increase the risk of loss because the two cars were never on the road at the same time. This may be true, but it is beside the point. Insurance companies set their premiums in accordance with actuarial predictions. If it is generally true that an insured’s ownership of two cars increases *394 the risk of loss, then insurers may raise premiums for all policy holders with two cars, regardless of the way a particular insured decides to use or not to use his vehicles. The insurance industry depends on this ability to generalize. An insurer cannot be required to assess the risk of loss following the purchase of a second vehicle based on how a particular insured intends to use his two vehicles. Accordingly, if the risk of loss increases as an actuarial matter, it increases as a legal one as well. Gale’s scrupulous security precautions do not prevent application of the In-Towne rule.
BCIC may avoid coverage under its 1992 umbrella policy to Gale. This moots the issue whether BCIC must provide coverage for the first $250,000.00 in damages.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion is ALLOWED and defendant’s motion is DENIED.